UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHIH KUMAR,

                Plaintiff,

         -against-

MERRICK B. GARLAND, Attorney General of the United States; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; UR M. JADDOU, Director, U.S. Citizenship and Immigration Services,

                Defendants.

1:24-CV-4045 (LJL)

TRANSFER ORDER

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Ashish Kumar, of South Ozone Park, Queens County, New York, brings this *pro se* action seeking relief under the Administrative Procedure Act, as well as *mandamus* relief under 28 U.S.C. § 1361, requesting that the Court direct the defendants to adjudicate his pending Petition for Amerasian, Widow(er), or Special Immigrant immigration status ("I-360 Petition") that he alleges has been pending with United States Citizenship & Immigration Services ("USCIS") since August 2, 2021, when he allegedly filed it with that agency. He names as defendants: (1) Merrick B. Garland, the Attorney General of the United States of America; (2) Alejandro Mayorkas, the Secretary of the United States Department of Homeland Security ("DHS"); and (3) Ur M. Jaddou, the Director of USCIS, a subdivision of DHS. Plaintiff has paid the fees to bring this action. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York.

## DISCUSSION

Claims under the APA and for *mandamus* relief under Section 1361 must be brought in a United States District Court for:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1); *Gu v. U.S. Dep't of Educ., MOHELA*, No. 23-CV-6142 (LTS), 2024 WL 1543123, at *1 (S.D.N.Y. Mar. 13, 2024); *Pierre v. Immigration Serv. USCIS*, No. 23-CV-1165 (JHR), 2023 WL 2435546, at *1 (S.D.N.Y. Feb. 23, 2023); *Jin v. USCIS*, No. 22-CV-8113 (KPF), 2022 WL 16857882, at *1 (S.D.N.Y. Oct. 3, 2022). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff, who resides in Queens County, within the Eastern District of New York,[1] sues Attorney General Garland, DHS Secretary Mayorkas, and USCIS Director Jaddou, but he does not allege facts showing where any of those defendants reside. Thus, it is unclear whether this court is a proper venue for Plaintiff's claims under Section 1391(e)(1)(A).

---

[1] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See id.* § 112(c).

Plaintiff alleges that on August 2, 2021, he filed his I-360 Petition with USCIS, and that it was assigned to USCIS's Vermont Service Center. (ECF 1, at 2.) Thus, it would seem that a significant portion of the alleged events or omissions occurred in Queens County, within the Eastern District of New York, *see* 28 U.S.C. § 112(c), where Plaintiff resides, and in Vermont, within the District of Vermont, *see* 28 U.S.C. § 126, where USCIS's Vermont Service Center is located.[2] Accordingly, under Section 1391(e)(1)(B), the United States District Courts for the Eastern District of New York and for the District of Vermont appear to be proper venues for this action.

In addition, because Plaintiff's claims do not appear to involve real property, and because Plaintiff resides in Queens County, within the Eastern District of New York, *see* 28 U.S.C. § 112(c), under Section 1391(e)(1)(C), the United States District Court for the Eastern District of New York is again a proper venue for this action.

Plaintiff alleges nothing to suggest that, under Section 1391(e)(1)(A), (B), or (C), this court is a proper venue for this action.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight

---

[2] The State of Vermont constitutes one judicial district. *See* 28 U.S.C. § 126.

accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York is appropriate for this action. Plaintiff resides, and a significant portion of the alleged events appear to have occurred, in the Eastern District of New York. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). This order closes this action in this court. The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 12, 2024
         New York, New York

                                              LEWIS J. LIMAN
                                              United States District Judge